IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LUIS M. SANTINI-ROSADO,

    Plaintiff,

       v.                    CIVIL NO. 98-1687 (RLA)

BANCO BILBAO VIZCAYA,

    Defendant.

_____

## MINUTES AND ORDER OF PRETRIAL/SETTLEMENT CONFERENCE HELD ON FEBRUARY 8, 2000

The parties appeared before the undersigned in chambers for a Pretrial/Settlement Conference on February 8, 2000, from 3:00 p.m. to 5:10 p.m.

DEMETRIO FERNANDEZ, ESQ., represented plaintiff.   Defendant BANCO BILBAO VIZCAYA was represented by ROSA M. MENDEZ SANTONI, ESQ. and HILDA M. SURILLO PEÑA, ESQ.

### Discovery Delays

The Court queried counsel as to their readiness for trial, scheduled to commence on February 16, 2000.  Counsel for defendant explained that, as informed in its motion for reconsideration (docket No. 28, filed on January 31, 2000) it had been unable to carry out discovery relative to plaintiff's economic expert.  It had also been unable to have its expert evaluate plaintiff's mental condition due to his failure to appear for the January 17, 2000 appointment.  Counsel further alleged that plaintiff's tardy

CIVIL NO. 98-1687 (RLA)                                              **Page 2**

1  submission of expert reports had caused defendant to be prejudiced in

2  its preparation for trial.  For those reasons, defendant's counsel

3  requested that the trial be postponed and an extension of time be

4  granted to complete experts' discovery, or that plaintiff's expert be

5  stricken.  When asked, plaintiff advised that he had no objections to

6  defendant's request for continuance.

7      The Court recounted briefly the procedural background of the

8  case, making note of the inordinate and unjustifiable delays to date,

9  as described in the undersigned's Order Denying Second Request for

10  Continuance... (docket No. 27, filed on January 28, 2000).

11  Accordingly, defendant's motion for reconsideration of the Court's

12  denial of an extension of discovery deadlines (**docket No. 28**) was

13  **DENIED** and the parties were directed to proceed to trial as

14  scheduled.

15      The Court FURTHER ORDERED that as a sanction for the parties'

16  violations of its case management/discovery Order, all expert

17  witnesses in this action are **STRICKEN.**

18                         **Admissions of Fact**

19      Counsel for defendant argued that plaintiff should not be

20  allowed to present evidence of his mental/emotional state while

21  employed at the Bank because her client has no expert witness to

22  rebut his allegations that he suffered an emotional breakdown as a

23  result of the confrontations with Bank officials. The Court having

24  heard plaintiff's arguments on the relevancy of this information

**CIVIL NO. 98-1687 (RLA)**                                    **Page 3**

hereby FINDS that plaintiff can testify as to his mental/emotional breakdown provided such testimony is tied to the harassment that he allegedly was subjected to by Bank officials.  Plaintiff shall not be permitted, however, to introduce into evidence the file of the State Insurance Fund absent a particularized showing of relevance as to the above-mentioned climate of harassment.

Upon further review, plaintiff's Motion Regarding Filing of Proposed Joint Pretrial Order (**docket No. 32**, filed on February 4, 2000) is hereby **GRANTED**. It is hereby ORDERED that Paragraph Nos. **10** and **11** of plaintiff's Complaint shall be deemed admitted by defendant and are hereby incorporated as Admitted Facts in the Joint Proposed Pretrial Order.

### Settlement Negotiations

In response to the Court's inquiry, counsel for defendant rejected the possibility of plaintiff's reinstatement. For purposes of settlement discussions, the Court consulted counsel on their positions relative to the preliminary report prepared by plaintiff's economic expert and discussed with them the various scenarios resulting from an award of back and front pay, including salary and fringe benefits.

Subsequently, the Court engaged counsel individually in settlement discussions.  The attorneys representing defendant informed the Court that they had not received any settlement offer that was worth considering, because plaintiff was demanding

CIVIL NO. 98-1687 (RLA)                                                Page 4

1    an   unreasonable   sum.    Additionally,   plaintiff   had   requested

2    reinstatement in the Bank's health plan, a petition which was deemed

3    unfeasible   given   the   Bank's   refusal   to   reinstate   plaintiff.

4         In discussions with plaintiff's counsel, the Court suggested a

5    proposed sum for settlement and requested counsel to consult with his

6    client,  who  was  waiting  outside  the  chambers.   Upon  his  return,

7    counsel   for   plaintiff   informed   the   Court   that   plaintiff   was

8    considering the proposed sum and would advise counsel in the next 24

9    hours.

10

11        The Court then spoke again with defendant's counsel and proposed

12   a settlement amount which counsel agreed to present to their client.

13   The Court directed counsel to inform the Court on the next day of

14   their efforts.

15        Accordingly, and in light of the fact that settlement was not

16   reached at the Conference, the Court reminded counsel that the **JURY**

17   **TRIAL remains scheduled for February 16, 2000, at 9:30 a.m.**

18        The   parties   shall   file   the   TRIAL   BRIEFS,   PROPOSED   JURY

19   INSTRUCTIONS, VOIR DIRE and  VERDICT FORMS **no later than February 11,**

20   **2000.**

21        Counsel  shall  make  arrangements  to  meet  with  the  Courtroom

22   Deputy to mark the evidence **prior to trial** in accordance with the

23   undersigned's Standing Order for Civil Trials issued on February 10,

24   1994.

25

26

**CIVIL NO. 98-1687 (RLA)**                                    **Page 5**

Failure to comply with the terms of this Order shall result in the imposition of sanctions upon counsel personally and/or the striking of witnesses, claims and/or defenses.

IT IS SO ORDERED.

San Juan, Puerto Rico, this 11th day of February, 2000.

                                    RAYMOND L. ACOSTA
                                United States District Judge